CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 17 2019

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

QUENTIN JOSHUA RIFFLE,　　　　)　　**CASE NO. 7:19CV00640**
　　　　　　　　　　　　　　　)
　　　　**Plaintiff,**　　　　　　)
**v.**　　　　　　　　　　　　　)　　**MEMORANDUM OPINION**
　　　　　　　　　　　　　　　)
SOUTHWEST REGIONAL JAIL　　　)
AUTHORITY,　　　　　　　　　)　　**By: Hon. Glen E. Conrad**
　　　　　　　　　　　　　　　)　　**Senior United States District Judge**
　　　　　　　**Defendant.**　　　)

　　　　The plaintiff, Quentin Joshua Riffle, a Virginia jail inmate proceeding pro se, filed this

action under 42 U.S.C. § 1983, alleging that he has suffered unconstitutional living conditions

and a violation of a federal privacy law. After review of his submissions, the court concludes

that the action must be summarily dismissed.

　　　　Riffle is confined at the jail facility in Duffield, Virginia, operated by the Southwest

Virginia Regional Jail Authority. He alleges that he and six other inmates were "locked in a cell

for 20 hours a day with no air [and] temperatures exceeded 80 [degrees] for an excess of 20

days." Compl. 2, ECF No. 1. He asked jail officials "to fix [the] air" conditioning many times.

Id. He was told that they did not know how or that the air had been fixed. Riffle also alleges

that mental health staff at the jail violated his rights under the Health Insurance Portability and

Accountability Act ("HIPAA") "by having an untrained officer present talking about [Riffle's]

charges," although "the officer is not bound by" HIPAA requirements. Id.

　　　　Under 28 U.S.C. § 1915A(b)(1), the court must screen and dismiss a § 1983 complaint

"in which a prisoner seeks redress from a governmental entity or officer" if the court concludes

that it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." To

state a claim, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above

the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[T]he Constitution does not mandate comfortable prisons," however, and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347-49. It is well established that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Wilson v. Seiter, 501 U.S. 294, 297 (1991). Thus, to allege a past violation of the amendment, a prisoner must show that he suffered "significant physical or emotional harm" as a result of the challenged conditions. Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

Riffle apparently claims that by housing him in a hot jail cell for nearly three weeks, the jail authority violated the Eighth Amendment. While there is no doubt that Riffle suffered discomfort from the conditions he describes, Riffle does not allege that those conditions caused him any significant physical or emotional harm. Thus, he fails to meet the injury element of his claim.

Moreover, to prove that a jail authority is liable under § 1983 for constitutional violations committed by an employee, the plaintiff must show that the jail authority's policy was "the moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312, 326 (1981) (citation omitted). He must show that the allegedly unconstitutional action (the lack of air conditioning for three weeks) "implement[ed] or execut[ed] a policy statement, ordinance,

2

regulation, or decision officially adopted and promulgated by" the jail authority and its officers. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Riffle's allegations do not reflect that the jail authority has a policy against providing air conditioning in inmate housing or against repairing such equipment when it malfunctions. Accordingly, his complaint does not state a § 1983 claim about cell conditions against the jail authority.

Riffle also fails to state any actionable claim against anyone under HIPAA. That federal statute simply did not create a private right of legal action allowing a patient to sue his mental health care providers under HIPAA for failing to protect his privacy on matters related to his mental health. See, e.g., Acara v. Banks, 470 F.3d 569, 571–72 (5th Cir. 2006) (finding no private right of legal action created by HIPAA); Lee-Thomas v. Lab. Corp., 316 F. Supp. 3d 471, 474 (D.D.C. 2018) (finding that HIPAA did not create private cause of legal action and dismissing patient's claim against hospital for conducting intake interview within earshot of other patients).

Because Riffle's complaint thus presents no factual basis for a claim actionable under § 1983, the court will summarily dismiss this action without prejudice under § 1915A(b)(1) for failure to state a claim upon which relief could be granted. An appropriate order will enter this day. Dismissal without prejudice leaves Riffle free to refile his § 1983 claim in a new and separate civil rights action, provided he can overcome the noted deficiencies.

The clerk will mail a copy of this order to Riffle.

**ENTER:** This 17ᵗʰ day of October, 2019.

_____
Senior United States District Judge